**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, |
| v. |
| JOHN F. WALLIN, |
| Defendant. |

Case No. 17-cv-7057

Judge Sharon Johnson Coleman

**MEMORANDUM OPINION AND ORDER**

The defendant, John Wallin, consented to the entry of judgment against him in this action alleging violations of the Securities Exchange Act of 1934. The United States Securities and Exchange Commission (SEC) now moves this Court to assess civil penalties against Wallin and to enter a final judgment in this matter. For the reasons set forth herein, that motion [15] is granted in part and denied in part.

**Background**

The following undisputed facts are taken from the SEC's complaint. Geoffrey Thompson is the founder and Chairman of Accelera and, with his wife, is the owner and operator of Synergistic Holdings, LLC. On June 13, 2011, Synergistic acquired Accelera and hired Wallin as Accelera's CEO and CFO.

Between April 2012 and April 2017, Wallin signed Accelera's Form 10-K and 10-Q submissions and Sarbanes-Oxley certifications as Accelera's CEO and CFO. Despite being both CEO and CFO, Wallin had extremely limited knowledge of Accelera's operations. Wallin never read the public filings that he signed and made no effort to confirm the information contained in those filings, despite repeatedly certifying that he had reviewed them and that, based on his knowledge, the filing "does not contain any untrue statement of material fact" and "fairly present[s] in all material

respects the financial condition, results of operations and cash flow of the registrant." As it turns out, those filings misrepresented that Accelera had taken over another company, BHCA, and represented BHCA's financial results as Accelera's despite the fact that the anticipated purchase of BHCA had never occurred and Accelera was essentially valueless. Wallin did not receive a salary for his work for Accelera.

**Discussion**

Under federal law, United States district courts have jurisdiction to impose civil penalties for violations of the Securities Exchange Act of 1934. 15 U.S.C. § 78u(d)(3). These civil penalties are meant to serve the dual goals of punishing the individual violator and deterring future statutory violations. *S.E.C. v. Moran*, 944 F. Supp. 286, 296 (S.D.N.Y. 1996).

The Securities Exchange Act provides for three escalating tiers of punishment. The baseline maximum penalty for an individual defendant under the first tier is either $7,500 or the defendant's pecuniary gain. 15 U.S.C. § 78u(d)(3)(B)(i); 17 C.F.R. § 201.1001. The maximum penalty increases to $80,000 or the defendant's pecuniary gain when the violation involves "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." 15 U.S.C. § 78u(d)(3)(B)(ii); 17 C.F.R. § 201.1001.

The amount of any civil penalty awarded is committed to the court's discretion in light of the facts and circumstances of the case. 15 U.S.C. § 78u(d)(3)(B)(i). Relevant factors to be considered include the seriousness of the violations, the defendant's intent, whether the violations were isolated or reoccurring, the defendant's acceptance of responsibility, the losses or risk of losses caused by the conduct, the defendant's cooperation with authorities, the other sanctions that the defendant may face, and the defendant's ability to pay. *SEC v. Church Extension of the Church of Church, Inc.,* 429 F. Supp. 2d 1045, 1050–51 (S.D. Ind. 2005); *SEC v. Lybrand*, 281 F. Supp. 2d 726, 730 (S.D.N.Y. 2003). The SEC bears the burden of establishing that it is entitled to the requested

remedy by a preponderance of the evidence.  *S.E.C. v. Koenig*, 532 F. Supp. 2d 987, 993 (N.D. Ill. 2007) (Andersen, J.).  Here, there can be no dispute that Wallin's violations were serious, blatant, and consistently repeated over multiple years.

Wallin contends that the SEC cannot establish that he acted recklessly because he did not know that the financial statements in question were inaccurate.  Wallin has plausibly represented that he lacks comprehension of accounting and legal matters, made no effort to inform himself of the operations of the corporation that he nominally ran, and would have been incapable of understanding the financial statements that he signed.  Unfortunately for Wallin, his comprehension of the statements that he signed is irrelevant to the violation alleged here.  Even if Wallin did not understand the statements that he was signing, there can be no doubt that he knew that when he signed them he was certifying that he had read them, reviewed them, and believed them to be accurate.  Whether or not Wallin knew the financial statements were inaccurate, he surely knew whether or not he had read them, and undoubtedly understood that he was lying to shareholders and the public about that fact.  This conduct, at a minimum, constitutes reckless disregard of a regulatory requirement.

The factors previously discussed favor a substantial penalty in this case, although this Court notes that Wallin promptly accepted his responsibility in this case and was not the underlying source of the deception that was the root cause of investor's losses.  The SEC, in a show of compassion and restraint, has not sought a substantial penalty against Wallin.  Instead, the SEC seeks a penalty of only $80,000 dollars, which amounts to $8,000 per false federal filing and is therefore 10% of the total possible penalty authorized by statute.

The SEC's desired penalty appears to be based primarily on Wallin's personal financial circumstances.  Wallin's daughter suffers from a chronic medical condition which renders her unable to work and requires frequent hospitalizations.  The family's income stream, based on the evidence

before this Court, amounts to approximately $74,000 a year, an amount offset by substantial debt. Although the SEC has already proposed a reduced penalty, Wallin contends that this Court should waive any civil penalty in light of his family circumstances, his lack of intent, and his promise not to serve as an officer or director of a public entity again. As an initial matter, the Court notes that Wallin's conduct clearly warrants some form of penalty for purposes of both general and specific deterrence. Wallin has failed to establish that his purported promise removes the need to deter him from future misconduct, and, as previously noted, Wallin is far more culpable than he is inclined to admit.

The Court does, however, give consideration to Wallin's family circumstances, which, although unfortunate, are not unique. As this Court frequently admonishes in criminal cases, it is often family members who suffer the collateral consequences of a defendant's misconduct. This is not the first time that an individual has appeared before this Court and asked that their misconduct be overlooked because of a family-member's medical condition. To the extent that the civil penalty here will harm Wallin's family, the fault is Wallin's for engaging in misconduct subject to such a penalty when he knew of both his financial situation and his daughter's condition. Indeed, Wallin's apparent disregard of the risk of penalty for his actions demonstrates precisely why principles of general deterrence require a significant penalty here. The Court accordingly rejects Wallin's request that no civil penalty be assessed in this case.

The Court, however, believes that the penalty proposed here, although appropriate for deterrence purposes, still exceeds Wallin's reasonable ability to pay in light of the extenuating circumstances set forth above. The Court accordingly reduces the proposed penalty from $8,000 for each false filing to $5,000 for each false filing, for a total civil penalty of $50,000. This amount is appropriate in light of the deterrence purposes of the statute, Wallin's personal circumstances, and the penalties already assessed to other involved individuals.

4

**Conclusion**

For the foregoing reasons, the Court grants the SEC's motion for a civil penalty and entry of a final judgment [15] and enters final judgment against Wallin in the amount of $50,000.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 6/26/2018